SPITZ and another, Respondents, vs. MOHR and others, Appellants.

*November 7 — November 28, 1893.*

*Attachment: Demand not yet due: Affidavit.*

1. Where the affidavit for an attachment upon a demand not yet due states, as required by statute, that the debt is *to become due,* the writ is not invalidated by an unnecessary recital therein to the effect that it "appears from said affidavit that the whole amount *due* the said plaintiffs" is a certain sum.

2. The affidavit for an attachment, made by one of the plaintiffs, states that the defendants (naming them) are indebted to the plaintiffs, etc., and that the affiant has good reason to believe, etc., "that *the parties aforesaid* have assigned," etc., their property with intent to defraud their creditors. *Held,* that "the parties aforesaid" refers to the defendants specifically named, and that the affidavit is a sufficient compliance with the statute requiring it to state "that *the defendants* have assigned," etc.

APPEAL from the Circuit Court for *Milwaukee* County. At the times herein mentioned, the plaintiffs were copartners doing business in Chicago under the firm name of Spitz, Landauer & Co., and the defendants were copartners doing business in Milwaukee under the firm name of G. Mohr & Co. On March 28, 1893, this action was commenced to recover the amount secured by four certain prom-

issory notes, amounting in the aggregate to $2,100, each of which was to become due thereafter. At the time of commencing the action one of the plaintiffs made an affidavit, which, after entitling the same, is as follows:

" *Herman Landauer*, being duly sworn, says he is one of the above-named plaintiffs and makes this affidavit on their behalf; that the above-named defendants, *G. Mohr, C. V. Eller*, and *R. Heins*, are indebted to the plaintiffs in a sum exceeding $50,— that is to say, in the sum of $2,100 over and above all legal setoffs,— and that the same is to *become* due upon express contract; and this deponent further says that he has good reason to believe, and verily does believe, that the *parties aforesaid* have assigned, conveyed, disposed of, or concealed, or are about to assign, convey, dispose of, or conceal, their property, or some part thereof, with intention to defraud their creditors."

Such affidavit was accompanied by the requisite undertaking in three times the amount named in the affidavit, to wit, $6,300, conditioned as required; and a writ of attachment was thereupon issued in the form prescribed by sec. 2730, R. S., reciting that it "appears from said affidavit that the whole amount due the said plaintiffs is the sum of $2,100, with interest," and commanding the sheriff to "attach and safely keep all the property of the said defendants in your county, or so much thereof as may be sufficient to satisfy the plaintiffs' demand, together with the costs and expenses, as a security for the satisfaction of such judgment as the plaintiffs may recover in said action." By virtue thereof the sheriff did, March 28, 1893, seize the stock of goods of the defendants in Milwaukee, subject to a prior attachment.

Upon the records, pleadings, and proceedings in the action, and upon the affidavit, undertaking, and writ of attachment served therein, and the levy made thereunder, the defendants moved the court, April 22, 1893, to dismiss

the attachment and the levy made thereunder, and to dissolve and vacate all proceedings had in this action, or for such other or further order in the premises as the court should be pleased to grant, together with the costs of motion, for six several reasons stated in the notice of such motion. Upon the hearing of said motion, and on April 29, 1893, it was overruled, with $10 costs. From that order the defendants appeal.

For the appellants there was a brief by *Bloodgood, Bloodgood & Kemper,* and oral argument by *J. B. Kemper.* As to the strictness with which the statute must be followed in cases of this kind, they cited *Miller v. Munson,* 34 Wis. 580; *Gowan v. Henderson,* 55 id. 341; *Streissguth v. Reigelman,* 75 id. 212; *Bradley v. Croft,* 19 Fed. Rep. 295; *Burnside v. Davis,* 65 Mich. 74; *Goodyear R. Co. v. Knapp,* 61 Wis. 103.

*Charles Friend,* for the respondents.

CASSODAY, J. The demand upon which this suit is brought was not due at the time of the commencement of this action. An attachment in such case is authorized upon the ground mentioned in the affidavit set forth in the foregoing statement. S. & B. Ann. Stats. sec. 2731, subd. 2; Laws of 1880, ch. 233, 256; Laws of 1885, ch. 39. The same proceedings are to be had in such case and the same affidavit is required as in actions upon matured demands, except that the statute requires the affidavit to "state that the debt is to *become* due." S. & B. Ann. Stats. sec. 2731. The affidavit in the case at bar did so state. True, the writ unnecessarily recites that "it further appears from said affidavit that the whole amount *due* the said plaintiffs is the sum of $2,100," etc.; but the affidavit was attached to the writ, and both were served upon the defendants at the same time, so that they were thereby informed that the word "due" was not used in the writ in the sense of the debt

Spitz and another vs. Mohr and others.

being then mature and payable, but rather in the sense of liability or indebtedness,— that the same was then owing to the plaintiffs. In other words, the inaccuracy in the use of the word in the writ corrected itself by asserting that it so appeared from the affidavit. Besides, the statute does not require the writ to state whether the indebtedness is due or to become due. R. S. sec. 2730. It is the affidavit that gives the jurisdiction; and that, as already observed, truly stated that the indebtedness was "to become due."

It is, moreover, contended that the affidavit is fatally defective in stating " that the *parties aforesaid* have assigned," etc., instead of stating, in the language of the statute, "that the *defendants* have assigned," etc. R. S. sec. 2731. It is claimed, in effect, that "the parties aforesaid" may refer to the plaintiffs alone, or to the plaintiffs and defendants together, or possibly to the defendants alone; and hence that it is so indefinite and uncertain that perjury cannot be predicated upon the affidavit. But we are constrained to hold that "the parties aforesaid," as used in the affidavit, when fairly construed, necessarily refers to the three defendants therein specifically named. They are the only persons whose names are given in the body of the affidavit, and they are so given before the words quoted. Under the statute as it now stands the affidavit is amendable "at any time before the trial." Laws of 1883, ch. 249; S. & B. Ann. Stats. sec. 2731a. This being so, it should, at least, be fairly construed. By such construction it has meaning and significance. The sharp, technical construction sought to be applied to it would make it without meaning and even ridiculous.

*By the Court.*— The order of the circuit court is affirmed.